(C.D. 3192)

INTERNATIONAL MERCANTILE CORP. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 13, 1967)

*Stein & Shostak* for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and BECKWORTH, Judges

BECKWORTH, Judge: The merchandise involved in this case consists of carrying cases for croquet sets imported from Japan and entered at the port of San Diego, California, in 1964 and 1965. The croquet sets were assessed with duty at 8 per centum ad valorem under item 734.60 of the Tariff Schedules of the United States, and the cases at 20 per centum ad valorem under item 706.60, as luggage or handbags. It is claimed that the containers are dutiable at the same rate as the equipment.

This case has been submitted on a stipulation of counsel for the respective parties reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protest enumerated in the annexed Schedule which is incorporated herein:

\*    \*    \*    \*    \*    \*    \*

2. That the merchandise represented by the items marked "B" and initialed TDS by Thurman D. Sherry on the invoices accompanying the entries covered by the protest enumerated in the attached Schedule, assessed with duty at 20% ad valorem under Item 706.60 of the Tariff Schedules of the United States, consists of containers of usual types ordinarily sold at retail with their contents, to-wit, the croquet sets, which were imported therewith.

3. That said protest is abandoned as to all other merchandise.

4. That the merchandise covered by the entries enumerated in the Schedule of Cases annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, Public Law 89–241.

5. That said protest was filed on all of the entries enumerated in said Schedule, under Sec. 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protest was pending for decision by this Court on October 7, 1965, the date of enact-

ment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

6. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in the attached Schedule and for classification of said merchandise in accordance with Sec. 4 of said Public Law 89–241 at 8% ad valorem under Item 734.60 of said Schedules.

7. That the protest enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

In view of this stipulation, which is accepted as an agreed statement of fact, we hold that the merchandise represented by the items marked with the letter "B" and with the initials of the commodity specialist on the invoices accompanying the entries covered by the protest herein, is subject to duty in accordance with section 4, Tariff Schedules Technical Amendments Act of 1965, at 8 per centum ad valorem under item 734.60, Tariff Schedules of the United States, as containers of usual types ordinarily sold at retail with their contents.

The protest is sustained and judgment will be entered for the plaintiff.